Bernie N. Sarfaty, Petitioner v. Commissioner. Sadie S. Sarfaty, Petitioner v. Commissioner.
Sarfaty v. Commissioner
Docket Nos. 4210-62, 4896-62.
United States Tax Court
T.C. Memo 1964-28; 1964 Tax Ct. Memo LEXIS 308; 23 T.C.M. (CCH) 147; T.C.M. (RIA) 64028; February 5, 1964
Bernie N. Sarfaty, pro se, 1363 1/2 N. Ridgewood Place, Los Angeles, Calif., in Docket No. 4210-62. Marion Malone, for the respondent. FAY
Memorandum Findings of Fact and Opinion FAY, Judge: Respondent determined a deficiency in income tax for the calendar year 1960 for each of the petitioners, Bernie N. Sarfaty and Sadie S. Sarfaty, in the respective amounts of $378 and $386.79. The proceedings were consolidated. The sole issue presented by the pleadings is whether petitioner Bernie N. Sarfaty or petitioner Sadie S. Sarfaty is entitled to claim a dependency exemption for their son, Michael, for the year 1960. Findings *309 of Fact The stipulated facts are so found and are incorporated herein by this reference. Bernie N. Sarfaty, hereinafter referred to as Bernie, resides in Los Angeles, California. He filed a separate income tax return for 1960 with the district director of internal revenue at Los Angeles, California, and reported a gross income of $3,938.39. Sadie Sarfaty, hereinafter referred to as Sadie, resides in North Hollywood, California, and for the year 1960 filed her separate income tax return with the district director of internal revenue at Los Angeles, California, and reported a gross income of $6,194.62. On their respective returns Bernie and Sadie each claimed a dependency exemption for their 8-year-old son, Michael. During 1958 Bernie and Sadie were divorced. At the time of the divorce a court order was entered which awarded custody of Michael to Sadie and required Bernie to pay for the support of Michael. During 1960 Michael resided with his mother in a 6-room single family residence in North Hollywood, California. The persons who resided in the house during 1960 were Sadie, Michael, and Sadie's other 2 sons, Benjamin and Robert Loveless. The house had 3 bedrooms; one of *310 which was occupied by Sadie, one by Michael, and one was shared by Benjamin and Robert. The fair rental value of the house, including utilities and gardening expenses, was $105 per month. During the calendar year 1960, Bernie furnished support for Michael as follows: Total payments to Sadie pursuant to
court order
$400.00
2 U.S. savings bonds
37.50
Weekly visitation expenses
156.00
Medical insurance payments
24.00
Presents
15.00
Total support of Michael furnished
by Bernie
$632.50
The gross support of Michael furnished by Sadie for 1960 (before reduction in amount of $400 paid to her by Bernie and allowed to him) was as follows: Apportionment of fair rental value of
house
$ 315.00
Food
416.00
Child care expenses
150.00
Medical care
69.00
Clothes
100.00
Bicycle and skates
39.00
Movie money and allowance
49.40
Vacation trips
30.00
School supplies
25.00
House cleaning and cleaning supplies
208.00
$1,401.40
Less cash paid by Bernie to Sadie
for Michael's support
400.00
Net support to Michael furnished by
Sadie
$1,001.40
The total support furnished Michael during 1960 was $1,633.90. Of the total support furnished *311 Michael in 1960 more than one half was furnished by Sadie. Opinion The issue presented to us is whether one of the petitioners furnished more than one half of the support of their son, Michael, in 1960 and is therefore entitled to claim him as an exemption. Section 151 of the Internal Revenue Code of 1954 provides that an exemption of $600 will be allowed a taxpayer for each dependent (as defined in section 152) who is a child of the taxpayer and who has not attained the age of 19 at the close of the calendar year in which the taxable year of the taxpayer begins. It has been stipulated that Michael was 8 years of age in 1960. Section 152 defines the term "dependent" to mean one "over half of whose support, for the calendar year in which the taxable year of the taxpayer begins, was received from the taxpayer * * *." As is often the case in proceedings of this character, neither petitioner kept any records of his contributions or expenditures, and the testimony was predicated on memory and estimates. However, both parties impressed us as being truthful and reliable and as a result we have for the most part accepted their respective estimates. In determining *312 the fair rental value of the house in which Michael resided, we have taken into account the estimates of both Bernie and Sadie in arriving at our figure. [1] In view of the fact that we have allowed the rental value of the property as an item of support, we have not included in the support furnished by Sadie any amounts attributable to utilities and gardening expenses since the rental value usually reflects the furnishing of such items. On the basis of our findings of fact, we hold that more than one half of Michael's support was received from Sadie in 1960. Decision will be entered for the respondent in Docket No. 4210-62. Decision will be entered under Rule 50 in Docket No. 4896-62. Footnotes
1. Bernie testified that the fair rental value of the house was $85 per month. Sadie testified that the fair rental value was $125 per month.↩